# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **In re:**<br><br>**Cheryl Ackerman**<br><br>Debtor. | Civ. No. 17-7040 (KM)<br><br>Bankruptcy Case No. 17-17032 |
| **Ackerman et al.,**<br><br>Plaintiff,<br><br>v.<br><br>**Archer & Greiner, PC**<br><br>Defendant. | **MEMORANDUM and ORDER DISMISSING BANKRUPTCY APPEAL** |

## KEVIN MCNULTY, U.S.D.J.:

This matter comes before the Court on the pro se Appellant Cheryl Ackerman's appeal (ECF no. 1) from an order by Judge Rosemary Gambardella of the United States Bankruptcy Court for the District of New Jersey, dated August 24, 2017, appointing an interim trustee pursuant to 11 U.S.C. § 303(g). The Appellant initiated this action by filing a Notice of Appeal from Bankruptcy Court on September 13, 2017 (ECF no. 1) and an Exhibit to the Bankruptcy Appeal (ECF no. 1-2).

Appellant has not filed a brief or other documents required in order to proceed with this appeal. On April 9, 2018, given Appellant's failure to serve or file her brief in accordance with Rule 8018 and the lack of activity in the docket for over six months, this Court issued an Order to Show Cause (ECF no. 3) directing that the Appellant move this civil action or show cause in writing by May 7, 2018 as to why her Notice of Appeal from Bankruptcy Court should not be dismissed for lack of prosecution.

On April 17, 2018, Appellant filed a Response to the Order to Show

1

Cause where she appears to be stating that her medical disability prevents her from complying with Rule 8018. (ECF no. 4). In the Response, Appellant also appears to object, based on her disability, to the scheduling of a hearing in Bankruptcy Court for May 8, 2018.[1] (*Id.*)

Moreover, I note that, although Appellant claims that she has been unable to proceed with the appeal since filing it on September 13, 2017, she has made voluminous filings in Bankruptcy Court spanning the period of September 2017 through April 2018. These have included numerous adjournment requests, motions for reconsideration, motions to dismiss, and motions to Convert a Chapter 7 bankruptcy case to a Chapter 13 bankruptcy case. The Bankruptcy Docket indicates that Appellant has submitted at least one filing a month in Bankruptcy Court since September 13, 2017.

On November 16, 2017, a guardian ad litem was appointed in the bankruptcy court pursuant to Federal Rules of Bankruptcy Procedure Rule 1004.1. The guardian ad litem was appointed for the limited purpose of representing the interests of the Appellant on the issues related to whether the Bankruptcy Court should enter an Order For Relief and the Appellant's request to convert the case to a Chapter 13 case.

On December 15, 2017, Judge Gambardella granted an Order for Relief under Chapter 7 of the Bankruptcy Code, granted stay relief to Appellant's children for the sole purpose of seeking the appointment of a guardian ad litem for Appellant, discharged Appellant's current guardian ad litem, and denied thirteen motions/applications filed by Appellant. Later that month and in early January 2018, Appellant filed three additional motions. On January 30, 2018, Judge Gambardella issued an Order to Show Cause why Appellant should not be enjoined or other conditions placed on her filing repetitive motions seeking the same relief as her previous motions which had been heard and which relief

---

[1] The Bankruptcy Docket indicates that a hearing on a Motion to sell property free and clear of liens under Section 363(f) is scheduled for May 8, 2018. On April 10, 2018, Appellant filed an Objection to that Motion. As of today's date, the Objection remains pending before the Bankruptcy Court.

had been denied by the Court. On March 9, 2018, after holding a hearing on the Order to Show Cause, the Judge issued an Order stating:

1. The respective Debtor motions (including motions to convert the case to Chapter 13, for reconsideration of prior motions, to reimpose automatic stay, etc.) found at Docket Nos. 120, 127, 134 and 137 are all denied.

2. The Debtor shall only be allowed to file a motion in the future for relief previously sought and denied, only if all of the following conditions are met via the filing of a supporting Certification, signed under penalty of perjury, that evidences the following:

    a) any claims the Debtor wishes to present are new claims never before raised and disposed of on the merits;

    b) the Debtor believes the facts alleged to be true, which facts must be supported by documentary proof; and

    c) the Debtor knows of no reason to believe her claims are foreclosed by controlling law.

3. If all conditions set forth in paragraph 2 above are met, the Court will subsequently schedule a return date for said motion.

The Order also included handwritten text stating: "THE CONDITIONS SET FORTH HEREIN SHALL APPLY TO ALL MOTIONS FILED ON OR AFTER FEBRUARY 14, 2018."

Most recently, on April 10, 2018, Appellant filed an Objection to a Motion to sell property free and clear of liens under Section 363(f).[2]

**IT IS** this 19th day of April, 2018, hereby

**ORDERED** that the Notice of Appeal from Bankruptcy Court is hereby dismissed for lack of prosecution.

The Clerk shall close the file.

**KEVIN MCNULTY**
**United States District Judge**

---

[2] Three days later, on April 13, 2018, she filed another Notice of Appeal to District Court. That appeal will be considered separately.